**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Deondrai Allon TIPPINS, Defendant–Appellant.**

No. 15–1154.

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2015.

BEFORE: SUTTON and
KETHLEDGE, *Circuit Judges*;
BECKWITH, *District Judges.*\*

SUTTON, *Circuit Judge.*

Charged with an assortment of drug and firearms crimes, Deondrai Tippins asked the government for a plea bargain. The government offered one, warning him that, if the plea bargaining failed, it would seek additional charges in a new indictment. When Tippins rejected the offer, the government did just that, and the jury ulti-

mately convicted Tippins of one of the new charges. Tippins claims that the government engaged in vindictive prosecution and that the district court improperly enhanced his sentence. We disagree and affirm.

Michigan police suspected that Tippins was engaged in drug dealing. A confidential informant visited Tippins' home multiple times, talked to him about drug prices and quantities, and saw him packaging heroin, marijuana, and cocaine in the home's utility room. After that, the police set up a controlled drug buy. On June 26, 2013, the confidential informant went to Tippins' home—his utility room to be more precise—and purchased 1.32 grams of crack cocaine. The next day, the police executed a search warrant of the home, where they found heroin, marijuana, and cocaine. They also discovered various tools for preparing and packaging the drugs, including razor blades, bags, scales, and baking soda. To top it off, the police found firearms in the home, and Tippins had a pistol in his pants pocket when the police arrested him. A grand jury indicted Tippins on August 14, 2013, and issued a superseding indictment on September 25, 2013.

On February 12, 2014, a grand jury issued a second superseding indictment, charging Tippins with three crimes: (1) being a felon in possession of a firearm, (2) possessing with intent to distribute cocaine base, and (3) carrying a firearm during a drug-trafficking crime. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 924(c)(1)(A). The government also could have charged Tippins with distributing cocaine base but chose not to do so because that would

---

\* The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

require the confidential informant to testify at trial about the controlled buy. As to that possibility, the government was concerned that Tippins had threatened to harm the informant (if Tippins could figure out who he was) and did not want to make the name of the informant public.

On April 28, 2014, during an interview with the government, the confidential informant remembered that Tippins had carried a revolver during the controlled buy. The next day, the government told Tippins about this new information. At Tippins' request, the government extended a plea offer. That same day, the government warned Tippins in writing that, if plea bargaining failed, the government would charge Tippins with two additional counts stemming from the controlled buy: distributing cocaine base and carrying a firearm during a drug-trafficking crime. On May 2, Tippins rejected the plea offer. Four days later, on May 6, Tippins changed his mind and the government sent him a written plea agreement. On May 7, Tippins changed his mind again and refused to sign the plea agreement. The government told Tippins it would seek additional charges. On May 14, the government obtained a third superseding indictment. The grand jury charged Tippins with the same three counts from the previous indictment (with a slight alteration) and added the two new charges. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 924(c)(1)(A).

The jury convicted Tippins on four of the five counts, returning a not-guilty verdict on one of the two charges of carrying a firearm during a drug-trafficking crime. The judge sentenced Tippins to 147 months in prison—at the low end of the guidelines range.

On appeal, Tippins makes two arguments: (1) the district court erred when it refused to dismiss the third superseding indictment for vindictive prosecution, and (2) the district court erred in applying the enhancement for maintaining a premises for drug distribution, U.S.S.G. § 2D1.1(b)(12).

■ *Vindictive prosecution.* Tippins says that the government filed the third superseding indictment for vindictive reasons, namely that he refused to accept the plea deal. That is not an everyday charge. It requires "objective evidence that [the] prosecutor acted in order to punish [the defendant] for standing on his legal rights," a "difficult" showing to make. *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir.2001). We review the district court's rejection of the argument for abuse of discretion. *United States v. Moon*, 513 F.3d 527, 534 (6th Cir.2008).

Proof of the government's vindictiveness, Tippins maintains, comes from the timing of the final indictment, which added two charges after the plea bargaining failed. But Supreme Court precedent permits just this kind of sequence of events. "[I]n the 'give-and-take' of plea bargaining, there is no ... element of punishment or retaliation" when a prosecutor threatens to charge additional behavior if bargaining fails, "so long as the accused is free to accept or reject the prosecution's offer." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). The problem for Tippins is that the government gave him difficult choices, not improper choices. "When the pretrial addition of more serious charges results merely from the failure of the plea bargaining process, it is not vindictive prosecution." *United States v. Walls*, 293 F.3d 959, 970 (6th Cir.2002); *see United States v. LaDeau*, 734 F.3d 561, 569 (6th Cir. 2013); *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir.2001). It does not matter that the government was "fully aware of the facts and circumstances," as Tippins

argues, *see* Appellant's Br. 22, on which the late-added charges were based long before it sought the third superseding indictment, *see Bordenkircher*, 434 U.S. at 359, 98 S.Ct. 663. In situations like this one, "an additional charge entered after a failed plea bargain cannot … form the substance of a viable vindictive prosecution claim." *United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir.2004). This claim fails.

*Sentencing enhancement.* The district court added two levels to the guidelines range on the ground that Tippins "maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). No error occurred.

As we have explained, the enhancement "applies to anyone who (1) knowingly (2) opens or maintains any place (3) for the purpose of manufacturing or distributing a controlled substance." *United States v. Johnson*, 737 F.3d 444, 447 (6th Cir.2013). All that matters here are the second and third elements. Tippins concedes the first.

■ As to the second element, Tippins "maintained" the home in which his drug dealing was based. The application note provides a non-exhaustive list of factors regarding maintenance, including: (1) "whether the defendant held a possessory interest in (e.g., owned or rented) the premises" and (2) "the extent to which the defendant controlled access to, or activities at, the premises." U.S.S.G. § 2D1.1 cmt. n. 17. Although Tippins did not have "a possessory interest" in the relevant home (apparently his girlfriend held the title), he did "control[ ] access to" and "activities at" the home. *Id.* He resided there for two years, was largely unemployed, and used the home as the base for his drug distribution. He also was one of two people who controlled access to the utility room, which is where Tippins packaged and dealt drugs

and where the police found much of the evidence of drug distribution. Tippins' residence at the home, control of the premises, and use of the home for drug distribution all indicate that he "maintained" the premises. *See United States v. Murillo–Almarez*, 602 Fed.Appx. 307, 312 (6th Cir.2015); *see also United States v. Jones*, 778 F.3d 375, 385 (1st Cir.2015); *United States v. Miller*, 698 F.3d 699, 706 (8th Cir.2012).

■ As to the third element, Tippins maintained the home "for the purpose of" manufacturing and distributing controlled substances. "Manufacturing or distributing a controlled substance *need not be the sole* purpose … but must be *one of* the defendant's primary or principal uses for the premises." U.S.S.G. § 2D1.1 cmt. n. 17 (emphasis added). A single "room" may constitute "a premises" under this guideline. *Id.; See Johnson*, 737 F.3d at 447. And because a home may have many key purposes, a court may apply the enhancement to a defendant who lives in the home and deals drugs from it. *See United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014). Several facts supported this element of the enhancement. The confidential informant had "visited [Tippins] at the house on at least six occasions where he observed [Tippins] handling drugs for distribution," R. 54 at 12, and the home contained various items often used for drug distribution. Drugs, many of them "prepackaged for distribution," were stashed throughout the home, *id.*, showing "storage of a controlled substance for the purpose of distribution," U.S.S.G. § 2D1.1 cmt. n. 17. Tippins apparently engaged in manufacturing there too, because the evidence indicates that he "cooked" cocaine in the home. R. 50 at 12. Drug distribution and manufacturing were two of Tippins' key uses for the utility room of the home. That satisfies the guideline.

Tippins points to two cases in which we applied the enhancement and in which eligibility for the enhancement was far more obvious (given the amount of drugs involved) than it is here. But we do not decide whether this guideline applies based solely on the amount of drugs and contraband seized, as Tippins suggests. The cases at any rate do not help Tippins even on their own terms. In *United States v. Johnson*, we held that the guideline applied because "Johnson *maintained* at least one room in his home *for the purpose* of storing marijuana for later distribution." 737 F.3d 444, 447 (6th Cir. 2013) (emphasis added). And *United States v. Bell* parallels today's case. There, we upheld application of the enhancement when (1) Bell was unemployed except for cooking and selling cocaine in his home, (2) various drug-packaging tools were found in the home, and (3) the home contained unregistered firearms. 766 F.3d 634, 636–37 (6th Cir.2014). *Johnson* and *Bell* support rather than cut against our holding.

For these reasons, we affirm.